UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Petitioner,<br><br>    vs.<br><br>JEFFREY CONNER,<br><br>    Respondent. | No. 2:10-cr-0036-GEB-EFB P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Movant Jeffrey Conner is a federal prisoner proceeding without counsel with a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1]  Upon his plea of guilty, Conner was convicted of one count of distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1).  He seeks post-conviction relief on the grounds that: (1) the trial court should have awarded him a greater sentence reduction for "acceptance of responsibility" than the reduction he received; and (2) the trial court should have calculated his sentence pursuant to the guidelines for powder cocaine offenses instead of the overly harsh guidelines for crack cocaine offenses.  Upon careful consideration of the record and the applicable law, it is recommended that Conner's § 2255 motion be denied.

/////

---

[1] This motion was assigned, for statistical purposes, the following civil case number: No. 2:13-cv-919 GEB EFB P.

1

## I. Background

On January 21, 2010, Conner was charged in a one count indictment with distribution of crack cocaine. ECF No. 7. On October 4, 2011, on the morning his jury trial was scheduled to begin, Conner pled guilty to the charge against him without a plea agreement. ECF No. 83; ECF No. 114-1 at 18-22. At his change of plea hearing, Conner agreed with the following statement of facts recited by the prosecutor:

> Your Honor, the core facts that the government would prove at trial as it relates to Mr. Conner's conduct would be that on October 19, '06, a DEA confidential source conducted what's known as a controlled purchase of seven ounces of crack cocaine from Mr. Conner. The drugs, crack cocaine, on October 19, '06 were provided by Mr. Conner in a trash can out in front of 2944 31st Street in Sacramento, California. Mr. Conner received payment for that crack of approximately $3,200 of prerecorded government money. And a DEA lab analysis confirmed that the crack cocaine purchased from Mr. Conner on October 19, '06 contained 168 grams of a form of cocaine base known as crack cocaine.

ECF No. 114-1 at 21-22. Conner was subsequently sentenced to 92 months imprisonment, a five year term of supervised release, and a $100 special assessment. ECF No. 114-2 at 16.

Conner filed a timely appeal, in which he argued that the sentencing court erred in failing to address his argument at the sentencing proceedings that the court should apply a 1-1 crack-to-powder cocaine ratio at sentencing instead of the 18-1 ratio for crack cocaine, which would have reduced his guideline range. ECF No. 114-3. The U.S. Court of Appeals for the Ninth Circuit rejected that argument and affirmed Conner's sentence. ECF No. 104.

Conner filed the instant § 2255 motion in this court on May 3, 2013. ECF No. 106. Respondent filed an answer on September 26, 2013. ECF No. 114. Conner filed a reply on October 21, 2013. ECF No. 116.

## II. Standards of Review Applicable to Claims Pursuant to 28 U.S.C. § 2255

A federal prisoner making a collateral attack against the validity of his or her conviction or sentence must do so by way of a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255, filed in the court which imposed sentence. *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988). Under § 2255, the federal sentencing court may grant relief if it concludes that a prisoner in custody was sentenced in violation of the Constitution or laws of the United

States. *United States v. Barron*, 172 F.3d 1153, 1157 (9th Cir. 1999). To warrant relief, a movant must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). Relief is warranted only where a movant has shown "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974).

Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (alteration in original) (quoting 28 U.S.C. § 2255). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996) (internal quotation marks omitted). To warrant a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle him to relief. *Id.* Mere conclusory assertions in a § 2255 motion are insufficient, without more, to require a hearing. *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir.1980).

**III. Movant's Claims**

**A. Decrease in Sentence for Acceptance of Responsibility**

Conner claims in his first ground for relief that the trial court should have awarded him three points off his sentence for acceptance of responsibility instead of the two points that were awarded. ECF No. 106 at 4. In support of this claim, he argues:

> (1) I pled guilty without an agreement in order to accept responsibility
>
> (2) I did not give the government a hard time
>
> (3) It is pretty standard in the system
>
> (4) My attorney did not argue this fact on my behalf

/////

/////

> (5) The court has the power with or without the governments recommendation to award a defendant the 3 points.[2]

*Id.* Conner requests that the district court reduce his sentence to reflect the additional one point decrease. *Id.*[3]

> (a) If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.
>
> (b) If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and upon motion of the government stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, decrease the offense level by 1 additional level.

Section 3E1.1 of the United States Sentencing Guidelines (U.S.S.G.) provides as follows:

As explained above, the trial court record reflects that Conner pled guilty to the charge against him on the morning his jury trial was scheduled to begin. ECF No. 83; ECF No. 114-1 at 18-22. At the time the trial court took Conner's guilty plea, the jury was standing outside the courtroom. ECF No. 114-1 at 19.

At Conner's sentencing proceedings, the district court adopted the sentencing guideline calculations set forth in the presentence report without objection from the parties. ECF No. 114-2. Conner was assigned a total offense level of 26, calculated as follows: (1) a base offense level of 28 for 168.7 grams of cocaine base under U.S.S.G. § 2D1.1(c) (2011); and (2) a 2-level decrease for Conner's timely acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). ECF 114-3 at 5. The government did not move for an additional level decrease for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b). After considering Conner's sentencing memorandum and the arguments of counsel, the trial court sentenced Conner to the bottom of the

---

[2] Although respondent construes this claim as one of ineffective assistance of counsel, Conner clarifies in the traverse that he is not raising a claim of ineffective assistance of trial counsel. ECF No. 116. Rather, he claims that the trial court should have awarded him an additional point off his sentence for acceptance of responsibility.

1    guideline range, 92 months in prison.  ECF No. 114-2 at 16, ECF No. 106 at 16.  Conner claims

2    that the trial court should have further reduced his sentence by decreasing his offense level by one

3    additional level pursuant to § 3E1.1(b).

4           Pursuant to the express terms of U.S.S.G. § 3E1.1(b), a criminal defendant is not entitled

5    to a sentence reduction under this code section except "upon motion of the government stating

6    that the defendant has assisted authorities in the investigation or prosecution of his own

7    misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby

8    permitting the government to avoid preparing for trial and permitting the government and the

9    court to allocate their resources efficiently."  The reason for this is that "Because the Government

10   is in the best position to determine whether the defendant has assisted authorities in a manner that

11   avoids preparing for trial, an adjustment under subsection (b) may only be granted upon a formal

12   motion by the Government at the time of sentencing."  U.S. Sentencing Guidelines Manual

13   § 3E1.1 cmt. N.6 (2004); *United States v. Espinoza-Cano*, 456 F.3d 1126, 1134 (9th Cir. 2006).

14   Thus, generally, the government's failure to file a motion pursuant to 3E1.1(b) precludes the

15   sentencing court from awarding the third level sentence reduction.  U.S.S.G. § 3E1.1(b); *United*

16   *States v. Johnson*, 581 F.3d 994, 1001, 1003-04 (9th Cir. 2009); *Espinoza-Cano*, 456 F.3d at

17   1134.  However, the government's discretion to file a motion under § 3E1.1(b) "is not limitless."

18   *Johnson*, 581 F.3d at 1001.  A district court may review the government's refusal to file such a

19   motion and grant the additional one-level reduction *sua sponte* if it finds that the government's

20   decision not to file such a motion "was (1) animated by an unconstitutional motive (e.g., racial

21   discrimination), or (2) arbitrary – i.e., not rationally related to a legitimate governmental interest."

22   *Id.*

23          There is no evidence here that the government's failure to file a motion pursuant to

24   § 3E1.1(b) was based on an unconstitutional motive or was not rationally related to a legitimate

25   government interest.  Conner pled guilty on the morning that his jury trial was scheduled to

26   commence, after the prosecutor had already prepared for trial and subpoenaed his trial witnesses,

27   including one witness who resided in Virginia.  ECF No. 114 at 5; ECF No. 114-1.  Conner

28   explains that he didn't plead guilty earlier because "the crack amendment at this time was before

1  Congress and Petitioner had been advised, and rightly so, that it would be prudent to wait before
2  changing a plea and being sentenced." ECF No. 116 at 3.  Conner also states that he did not
3  intend to "be willful, or spiteful to cause inconvenience [sic] to the government." *Id.*  Regardless
4  of why movant chose to wait until the last minute to plead guilty, the fact remains that the timing
5  of his decision prevented the government from avoiding the expenditure of resources and costs
6  associated with preparing for trial.  Under these circumstances, the government's failure to file a
7  motion for a third point sentence reduction under § 3E1.1(b) was not arbitrary.

8  There is also no evidence that the government's failure to file a motion for further
9  reduction of sentence was based on racial discrimination or any other unconstitutional motive.
10  Conner argues that "since the original crack law was intended to target minorities as a cheap and
11  expeditious way to remove them from American society, it is not a far stretch to say that racial
12  motivation is in play here to deny defendant that one level of responsibility that as a white man he
13  would more than likely of received." ECF No. 116 at 2.  This argument is not supported by any
14  evidence in the court record and is therefore rejected.  The record reflects that the government
15  acted within its discretion when it declined to file a motion for sentence reduction pursuant to
16  § 3E1.1(b).

17  Because the government's decision not to file a motion for sentence reduction was neither
18  arbitrary nor based on an unconstitutional ground, the trial court did not err in failing to award
19  Conner a further one-point reduction for acceptance of responsibility under § 3E1.1(b).  *Johnson*,
20  581 F.3d at 1001; *Espinoza-Cano*, 456 F.3d at 1136; *United States v. Murphy*, 65 F.3d 758, 763-
21  64 (9th Cir. 1995).  Accordingly, Conner is not entitled to relief on this claim.

22  **B.  Sentencing Guidelines for Offenses Involving Crack Cocaine**

23  Conner's second ground for relief is stated as follows: "Recent Congressional and
24  Sentencing Commission changes in Posture as to the crack to powder cocaine disparity." ECF
25  No. 106 at 5.  In support of this claim, Conner makes the following allegations:

26  (1) Guidelines are now advisory, not mandatory.
27  (2) 1 to 1 sentencing is becoming [sic] cited.
28  (3) Petitioner was a small offender in the overall scheme of things.

> (4) Not to [sic] long ago defendants were sentenced to 100 to 1, which shows how wrong opinions can be and harmful. 18 to 1 is still not fair.

*Id.* Conner questions whether "in light of Congress and the Sentencing Commission's new posture as to the disparity in crack verse [sic] powder cocaine, petitioner should be considered for a downward sentence modification." *Id.* at 13. He argues:

> The Supreme Court holds that district courts are entitled to reject and vary categorically from the crack-cocaine Guidelines based on policy disagreement with those Guidelines. Petitioner therefore respectfully submits that this Court has the power and jurisdiction to reconsider Petitioner's sentence.

*Id.* at 18.

Prior to the passage of the Fair Sentencing Act of 2010 (FSA), the United States Sentencing Guidelines and mandatory minimum sentences treated defendants convicted of crack cocaine offenses roughly 100 times more severely than defendants convicted of powder cocaine offenses. In *Kimbrough v. United States*, 552 U.S. 85, 110 (2007), the United States Supreme Court noted that the Sentencing Commission had concluded that "the crack/powder disparity produces disproportionately harsh sanctions, i.e., sentences for crack cocaine offenses 'greater than necessary' in light of the purposes of sentencing set forth in [18 U.S.C.] § 3553(a)." The court held that "the cocaine Guidelines, like all other Guidelines, are advisory only" and that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve [the purpose of the Sentencing Guidelines]." *Id.* at 89. In *Spears v. United States*, 555 U.S. 261, 265-66 (2009), the United States Supreme Court opined that "district courts are entitled to reject and vary categorically from the crack-cocaine Guidelines based on a policy disagreement with those Guidelines." Thus, "even when a particular defendant in a crack cocaine case presents no special mitigating circumstances—no outstanding service to country or community, no unusually disadvantaged childhood, no overstated criminal history score, no post-offense rehabilitation—a sentencing court may nonetheless vary downward from the advisory guideline range." *Id.* at 263 (citation omitted). In 2010, Congress passed the FSA, which effectively reduced the crack-to-

powder cocaine disparity from 100-1 to 18-1.  In his appellate brief, Conner's counsel informed the Ninth Circuit that the parties agreed "that the new mandatory minimum penalties in the Fair Sentencing Act of 2010 applied to Conner's offense because his sentencing took place after the Fair Sentencing Act became effective on August 3, 2010, even though his offense occurred before the passage of the Act."  ECF No. 114-3 at 15.

Conner argues, in essence, that in light of the above changes to the guidelines for crack cocaine offenses for the purpose of bringing them in line with the guidelines for powder cocaine offenses, the district court should exercise its discretion to reduce his sentence.  He "respectfully suggests that in light of the still vast disparity between crack and powder cocaine sentencing this Court could still consider parsing his sentence."  ECF No. 106 at 21.

The record reflects that Conner's trial counsel made these same arguments to the district court prior to his sentencing proceedings in this case.  Specifically, Conner filed a sentencing memorandum in which he requested that the court consider calculating his offense level and sentencing him within the guideline range that would apply to powder cocaine offenses instead of the guideline for crack cocaine offenses.  ECF No. 86.  He articulated the same arguments that Conner raises in the instant § 2255 motion.  *Id.*  Conner's counsel repeated his request for a 1-1 crack to powder cocaine ratio orally at the sentencing proceedings.  ECF No. 114-2 at 9.  Although the trial judge did not specifically address counsel's argument in this regard when he imposed sentence, he stated at the beginning of the sentencing proceedings that he had read and considered Conner's sentencing memorandum.  *Id.* at 4.  Conner raised this same argument on appeal, arguing that the Ninth Circuit should "vacate Conner's sentence and remand for resentencing for the district court to consider and address his arguments for a reduced crack-powder cocaine ratio and sentence."  ECF No. 114-3 at 17.  The Ninth Circuit rejected that argument, reasoning as follows:

> The record reflects that the court was aware of Conner's arguments and understood its discretion to vary from the advisory Guidelines on policy grounds, but declined to do so in light of the 18 U.S.C. § 3553(a) sentencing factors. The court did not procedurally err. *See United States v. Carty*, 520 F.3d 984, 992-93 (9th Cir. 2008) (en banc).

ECF No. 104 at 2.

Conner has failed to demonstrate that the trial court improperly calculated his sentence or that the court failed to consider whether to exercise its discretion to sentence Conner more consistently with the powder cocaine guidelines. On the contrary, it appears from the court record that the trial judge considered but rejected Conner's arguments in this regard, choosing instead to impose the sentence Conner received. For these reasons, movant's request that he be re-sentenced pursuant to the sentencing guidelines applicable to powder cocaine offenses should be denied.

**IV. Conclusion**

For the foregoing reasons, IT IS HEREBY RECOMMENDED that Conner's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections movant may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Rules Governing Section 2255 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: May 5, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE